OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

December 17, 2001

The Honorable Patricia Gray
Chair, Public Health Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0441

Re: Whether a podiatrist's statutory authority to treat a "disease, disorder, physical injury, deformity or ailment of the human foot," TEX. OCC. CODE ANN. § 202.001(a)(4) (Vernon 2001), includes authority to treat "the tibia and fibula in their articulation with the talus, . . . inclusive of all soft tissues . . . that insert into the tibia and fibula in their articulation with the talus," and related question (RQ-0404-JC)

Dear Representative Gray:

Section 202.001 of the Occupations Code defines the term "podiatry" as "the treatment of or offer to treat any disease, disorder, physical injury, deformity, or ailment of the human foot by any system or method," TEX. OCC. CODE ANN. § 202.001(a)(4) (Vernon 2001), although the statute does not define the term "foot." The Texas State Board of Podiatric Medical Examiners ("Board") recently has adopted a rule defining the term "foot" as "the tibia and fibula in their articulation with the talus . . . , inclusive of all soft tissues . . . that insert into the tibia and fibula in their articulation with the talus." See 26 Tex. Reg. 2385, 2391 (2001) (to be codified as an amendment to 22 TEX. ADMIN. CODE § 375.1) (Tex. State Board of Podiatric Medical Examiners, Definitions). You question whether this regulatory definition enlarges, in a manner that is inconsistent with section 202.001 of the Occupations Code, the practice of podiatry to include the treatment of areas of the body other than the foot.[1] See STEDMAN'S MEDICAL DICTIONARY 650, 905, 1813 (26th ed. 1995) (defining "fibula," "ankle joint," and "tibia"). We conclude that it does at least to the extent it permits a podiatrist to treat the tibia and fibula. You further ask whether "it is within the Board's rulemaking authority to define a term so that it effectively alters the practice of podiatry without first seeking legislative direction." Request Letter, supra note 1, at 2. The Board may not by regulation enlarge the practice of podiatry beyond what the statute allows.

---

[1]Letter from Honorable Patricia Gray, Chair, Committee on Public Health, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (July 16, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

A podiatrist is licensed to practice podiatry. *See* TEX. OCC. CODE ANN. § 202.001(a)(3)(A) (Vernon 2001). Section 202.001 of the Occupations Code defines the term "podiatry" as "the treatment of or offer to treat any disease, disorder, physical injury, deformity, or ailment of the human foot by any system or method." *Id*. § 202.001(a)(4). The statute does not define the term "foot."

Citing a need to clarify the term, the Board adopted a regulatory definition in March 2001:

> The foot is the tibia and fibula in their articulation with the talus, and all bones to the toes, inclusive of all soft tissues (muscles, nerves, vascular structures, tendons, ligaments and any other anatomical structures) that insert into the tibia and fibula in their articulation with the talus and all bones to the toes.

26 Tex. Reg. 2385, 2390 (2001) (to be codified as an amendment to 22 TEX. ADMIN. CODE § 375.1) (Tex. State Board of Podiatric Medical Examiners, Definitions); *see also id*. at 2385 ("The board has determined that there exists uncertainty among various groups resulting from the lack of a [statutory] definition of the term 'foot.'"). Incorporating the regulatory definition of "foot" into the statutory definition of the practice of podiatry, the practice of podiatry is the treatment of "the tibia and fibula in their articulation with the talus, and all bones to the toes, inclusive of . . . soft tissues . . . ." You are concerned that the Board, by adopting this definition, has extended the practice of podiatry beyond the treatment "of the human foot," TEX. OCC. CODE ANN. § 202.001(a)(4) (Vernon 2001), and that the Board has acted beyond its authority. *See* Request Letter, *supra* note 1, at 1.

To answer your second, general question first, the Board may not adopt a rule that enlarges the practice of podiatry beyond what the statute permits. As a state agency, the Board has only those powers that the legislature has expressly delegated to it or that may be implied from its express powers. *See State v. Jackson*, 376 S.W.2d 341, 344 (Tex.1964); *Tex. Parks & Wildlife Dep't v. Callaway*, 971 S.W.2d 145, 148 (Tex. App.–Austin 1998, no pet.); *Tex. Dep't of Human Servs. v. Christian Care Ctrs., Inc.*, 826 S.W.2d 715, 719 (Tex. App.–Austin 1992, writ denied). The Board may adopt "reasonable or necessary rules . . . consistent with the law regulating the practice of podiatry" to regulate the practice of podiatry, TEX. OCC. CODE ANN. § 202.151 (Vernon 2001), and its construction of the podiatry statute "is entitled to great weight, so long as" the Board reasonably interprets the statute's plain language. *S.W. Bell Tel. Co. v. Pub. Util. Comm'n*, 31 S.W.3d 631, 639 (Tex. App.–Austin 2000, pet. filed); *accord* Tex. Att'y Gen. Op. No. DM-443 (1997) at 1 (deferring to state agency's reasonable interpretation of statute it is charged to enforce). "The determining factor" in deciding whether an agency rule is authorized by and consistent with the agency's authority "is that the rule's provisions must be in harmony with the general objectives of the Act involved." *Gerst v. Oak Cliff Sav. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968); Tex. Att'y Gen. Op. No. JC-0072 (1999) at 5. To the extent an agency rule does not harmonize with the agency's statutory power, it is beyond the agency's authority to adopt. *See* Tex. Att'y Gen. Op. No. JC-0072 (1999) at 5.

In our opinion, a Board rule that effectively authorizes a podiatrist to treat a part of the body other than the foot extends the practice beyond the statutory limits. The practice of podiatry is limited by statute to treatment of the foot. Section 202.001 expressly defines podiatry as the treatment of a "disease, disorder, physical injury, deformity or ailment of the human *foot*." TEX. OCC. CODE ANN. § 202.001(a)(4) (Vernon 2001) (emphasis added). We construe words and phrases that have acquired a technical meaning according to that meaning. *See* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 1998). The foot is defined as "the distal portion of the primate leg, upon which an individual stands and walks[, and consists,] in a man, of the tarsus [which includes the talus], metatarsus, and phalanges and the tissues encompassing them." DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 648 (27th ed. 1988); *accord* TABER'S CYCLOPEDIC MEDICAL DICTIONARY 746 (19th ed. 2001); *see also* STEDMAN'S MEDICAL DICTIONARY 224, 673, 1100, 1763 (26th ed. 1995) (defining "tarsus," "foot," "metatarsus," and "tarsal bones"); BLACK'S MEDICAL DICTIONARY 229 (37th ed. 1992) (defining "foot" as "that portion of the lower limb situated below the ankle joint"); VI OXFORD ENGLISH DICTIONARY 12 sense I.1.a (2d ed. 1989) (defining "foot" as "[t]he lowest part of the leg beyond the ankle-joint"); WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 480 sense 1 (1984) (defining "foot" as "the terminal part of the vertebrate leg upon which an individual stands"). Thus, the Board has jurisdiction to determine whether a particular system or method of treatment constitutes the practice of podiatry, but only to the extent the system or method purports to treat the *foot*. *See* Tex. Att'y Gen. Op. No. DM-423 (1996) at 3 (deferring to the Board to determine whether hyperbaric oxygen therapy is within practice of podiatry); *cf.* Tex. Att'y Gen. Op. No. JC-0117 (1999) at 4 (stating that to extent selecting and administering anesthesia is within scope of practice of professional nursing, Board of Nurse Examiners may regulate professional nurses' performance of those tasks).

We conclude, in answer to your first question, that the Board's regulation unreasonably extends the practice of podiatry to include treatment of the tibia and fibula, parts of the body that are not located in the foot. The rule defines the term "foot" to include "the tibia and fibula in their articulation with the talus . . . inclusive of all soft tissues . . . that insert into the tibia and fibula in their articulation with the talus . . . ." 26 Tex. Reg. 2385, 2390 (2001) (to be codified as an amendment to 22 TEX. ADMIN. CODE § 375.1) (Tex. State Board of Podiatric Medical Examiners, Definitions). The tibia and fibula are leg bones; they are not part of the foot. *See* STEDMAN'S MEDICAL DICTIONARY 650, 1813 (26th ed. 1995) (defining "fibula" and "tibia"). While the regulatory definition follows the phrase "tibia and fibula" with the modifying phrase "in their articulation with the talus," we read the rule to include the tibia and fibula, at least in part, in the foot and thereby to permit a podiatrist to treat the tibia and fibula. This extends the practice of podiatry beyond what the statute permits. *See also Tenn. Med. Ass'n v. Bd. of Registration in Podiatry*, 907 S.W.2d 820, 825 (Tenn. App. 1995) (determining, as matter of law, that ankle sprain is not ailment of foot); *Conn. State Med. Soc'y v. Conn. Bd. of Exam'rs in Podiatry*, 546 A.2d 830, 838 (Conn. 1988) ("Had the legislature intended to include the ankle in the definition of 'foot,' it could easily have done so."). *But see Jaramillo v. Morris*, 750 P.2d 1301, 1305-07 (Wash. App.), *rev'w denied*, 110 Wash. 2d 1040 (1988) (concluding that State Podiatry Board could define foot to include ankle). Given that the rule is inconsistent with state law regulating the practice of podiatry, the Board has acted beyond its authority.

## S U M M A R Y

The Texas State Board of Podiatric Medical Examiners may not adopt a rule that enlarges the practice of podiatry beyond what chapter 202 of the Occupations Code permits. *See* TEX. OCC. CODE ANN. ch. 202 (Vernon 2001). By defining the term "foot" as "the tibia and fibula in their articulation with the talus, . . . inclusive of all soft tissues . . . that insert into the tibia and fibula in their articulation with the talus," the Board has extended the practice of podiatry beyond what section 202.001 of the Occupations Code authorizes.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee